UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NOSAK IMPROVEMENTS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-CV-0435-CVE-CDL |
| ) | |
| **GREAT NORTHERN INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Rule 39(b) Motion for Jury Trial (Dkt. # 14). Plaintiff Nosak Improvements, Inc. (Nosak) acknowledges that it did not timely file a jury demand under Fed. R. Civ. P. 38, but Nosak asks the Court to exercise its discretion to set this matter for a jury trial on Nosak's breach of contract claim. Dkt. # 14. Defendant Great Northern Insurance Company (Great Northern) responds that Nosak filed an untimely jury demand (Dkt. # 13) on November 6, 2023, and the Court should strike Nosak's untimely jury demand.

On September 5, 2023, Nosak filed this case in Tulsa County District Court alleging that Great Northern failed to make full payment on a wind and hail damage claim. Dkt. # 2-2, at 2-3. Great Northern removed the case to this Court, and Great Northern filed an answer to plaintiff's petition on October 16, 2023. Nosak's petition does not contain a jury demand, and the status report on removed action states that no jury demand has been made. Dkt. # 5. Under Rule 38, Nosak had until October 30, 2023 to file a jury demand, but no jury demand was filed before the deadline expired. Nosak claims that it first learned that Great Northern believed that Nosak was not entitled to a jury trial while the parties were preparing a joint status report. Dkt. # 14, at 2. On November 6, 2023, Nosak filed a jury demand without noting that the jury demand was untimely or that Great

Northern objected to the filing of an untimely jury demand. Dkt. # 13. Nosak subsequently filed a motion (Dkt. # 14) asking the Court to exercise its discretionary authority under Fed. R. Civ. P. 39(b) to set Nosak's breach of contract claim for a jury trial.

Under Rule 38, a party seeking to preserve its right to a jury trial must "serv[] the other other parties with a written demand–which may be included in a pleading–no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). However, a trial court has broad discretion to grant or deny a jury trial under Rule 39(b), even if a timely jury demand has not been filed . Paramount Pictures Corp. v. Thompson Theaters, Inc., 621 F.2d 1088, 1090 (10th Cir. 1980). "The court in exercising its discretion under Rule 39(b) . . . 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir. 1965) (quoting Swofford v. B & W, Inc., 336 F.2d 406 (5th Cir. 1964)). "Underlying this holding is the recognition that the decision whether to try a case before a jury is not merely a technicality; rather, this decision implicates a fundamental constitutional right." Montoya v. Voicestream PCS II Corp., 2003 WL 27385159 (D.N.M. June 23, 2003). A short delay in filing a jury demand will typically not be a "strong and compelling" reason to deny a request for a jury trial, especially when no scheduling order has been entered at the time the jury demand is made. Medcalf v. FedEx Ground, 2021 WL 1293564 (D. Kan. Apr. 7, 2021).

Nosak acknowledges that its demand for a jury trial is untimely under Rule 38, but Nosak argues that there is no compelling reason for the Court to deny Nosak's request for a jury trial. Great Northern argues that Nosak filed an untimely jury demand without first filing a motion under Rule 39(b), and Nosak has offered no explanation for failing to file a timely jury demand. Dkt. # 15. Nosak's jury demand, although untimely, was filed only seven days after the deadline to file a jury

demand expired under Rule 38(b)(1), and the Court has not even entered a scheduling order. In other words, the untimeliness of the jury demand has had no effect on the proceedings, and Great Northern has made no colorable argument that it will be prejudiced by the brief delay in the filing of Nosak's jury demand. The Court finds no strong and compelling reason to deny Nosak's request for a jury trial on its claim, and Nosak's motion (Dkt. # 14) is granted.

      **IT IS THEREFORE ORDERED** that Plaintiff's Rule 39(b) Motion for Jury Trial (Dkt. # 14) is **granted**.

      **DATED** this 17th day of November, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE